Joseph Kanee, Esq.
MARCUS & ZELMAN, LLC
1508 SW 23 Street
Fort Lauderdale, FL 33135
(848) 346-4358
joseph@marcuszelman.com
*Attorneys for Plaintiffs*
*Annie Padron and Christopher DeRohn*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| ANNIE PADRON and CHRISTOPHER DEROHN, <br><br> Plaintiffs, <br><br> v. <br><br> SANTANDER CONSUMER USA INC., PATRICK K. WILLIS CO., INC. d/b/a AMERICAN RECOVERY SERVICES, and PREMIER TOWING & RECOVERY, LLC, <br><br> Defendants. | Case No.: <br><br> Plaintiffs' Complaint For <br><br> 1. Violations Of 15 U.S.C. §1692f(6) <br><br> 2. Wrongful Repossession <br><br> 3. Conversion <br><br><br> **(Jury Trial Requested)** |

Plaintiffs ANNIE PADRON and Plaintiff CHRISTOPHER DEROHN

(collectively, "Plaintiffs") complain and allege against Defendant SANTANDER

CONSUMER USA INC. ("Santander"), Defendant PATRICK K. WILLIS CO.,

INC., d/b/a AMERICAN RECOVERY SERVICES ("ARS"), and Defendant

1

PREMIER TOWING & RECOVERY, LLC ("Premier Recovery") (collectively, "Defendants") as follows.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiffs bring this action against Defendants for illegally and egregiously breaching the peace by continuing to repossess their vehicle over repeated verbal and physical objections. Plaintiffs also bring a claim against Defendants ARS and Premier Recovery for wrongfully repossessing their vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692 *et seq.*

4. Plaintiffs seek statutory damages, actual damages and punitive damages, as well as attorneys' fees and costs.

## PARTIES

5. Plaintiff ANNIE PADRON ("Plaintiff Padron") is a natural person and a resident of Orlando, Florida, and is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

6. Plaintiff CHRISTOPHER DEROHN ("Plaintiff DeRohn") is a natural person and a resident of Orlando, Florida, and is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

7. Defendant SANTANDER CONSUMER USA INC. ("Santander") is an auto financing company headquartered in Dallas, Texas.

8. For purposes of Plaintiffs' claim under 15 U.S.C. § 1692f(6), Santander is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

9. Defendant American Recovery Services, a wholly owned subsidiary of the Patrick K. Willis Company, Inc. ("ARS"), is a corporation that specializes in nationwide recovery management, skip tracing and impound services on behalf of lenders and creditors, with its headquarters in Sacramento, California, and which does business as Skipbusters.

10. Upon information and belief, Defendant ARS is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

11. For purposes of 15 U.S.C. § 1692f(6), Defendant ARS is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. Defendant Premier Towing & Recovery, LLC, ("Premier Recovery") is a repossession company organized under the laws of the State of Florida which uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

13. For purposes of Plaintiffs' claims under Section 1692f(6) of the FDCPA, Defendant Premier Recovery is a "debt collector," as defined in the FDCPA

under 15 U.S.C. § 1692a(6).

### ALLEGATIONS OF FACT

14. Plaintiffs own a 2022 Kia Sorento (the "Vehicle"), which was financed solely in Plaintiff Padron's name through a loan with Defendant Santander.

15. Plaintiffs used the Vehicle for personal, family, and household purposes.

16. Sometime prior to June 9, 2025, Plaintiff Padron fell behind on her payments to Santander.

17. The money owed under the Santander loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. As a result, Santander contracted with Defendant ARS to repossess the Plaintiffs' Vehicle.

19. Upon information and belief, ARS does not perform any repossessions itself in Florida, but contracts with repossession companies in all 50 states to carry out the actual repossessions, a fact which was known to Santander.

20. Upon information and belief, after being contracted by Santander to repossess the Plaintiffs' Vehicle, ARS arranged for Defendant Premier Recovery to carry out the actual repossession.

21. On or about June 9, 2025, at approximately 9:00 a.m., Plaintiff DeRohn picked up his three minor children from the lobby of SureStay by Best Western St. Pete Clearwater Airport located in Clearwater, Florida.

22. At that time, the Vehicle was outside the hotel lobby with the engine running.

23. As Plaintiff DeRohn returned to where he had left the Vehicle, Plaintiff DeRohn

observed an individual ("Defendants' repossession agent") attempting to enter the Vehicle.

24. Plaintiff DeRohn immediately jumped into the passenger seat of the Vehicle and asked Defendants' repossession agent what he was doing, while Plaintiffs' minor children observed from outside.

25. Defendants' repossession agent informed Plaintiff DeRohn that he was there to repossess the Vehicle.

26. Plaintiff DeRohn immediately and clearly objected to the repossession.

27. Despite Plaintiff DeRohn's objections, Defendants' repossession agent continued to try repossessing the Vehicle and proceeded to move the Vehicle forward, alarming Plaintiff DeRohn and his minor children who were right near the vehicle.

28. Plaintiff DeRohn then contacted the police to stop the repossession from proceeding.

29. While Plaintiff DeRohn was still in the Vehicle and before responding officers arrived on the scene, another individual ("Defendants' second repossession agent") arrived in a tow truck, attached the Vehicle to the truck, and lifted the Vehicle with Plaintiff still inside.

30. Upon arrival, responding police officers ordered Plaintiff DeRohn to relinquish possession of the Vehicle, while the Plaintiff's children were crying and screaming.

31. Plaintiff DeRohn repeatedly made clear to Defendants' repossession agents and

5

to responding officers that he objected to the repossession.

32. Defendants' repossession agent ultimately completed the wrongful repossession of the Vehicle, despite Plaintiff DeRohn's verbal and physical objections and the presence of his minor children.

33. The law in Florida has long been clear that a debtor has the absolute right to object to a repossession, and that a repossession must cease upon the verbal objection of the debtor to the repossession. *See e.g., Marine Midland Bank-Cent. v. Cote,* 351 So. 2d 750, 752 (Fla. Dist. Ct. App. 1977)("the debtor's physical objection bars repossession even from a public street"); *In re 53 Foot Trawler Pegasus*, No. 608-CV-117-ORL-18DAB, 2008 WL 4938345, at *5 (M.D. Fla. Nov. 18, 2008) ("The statute makes it clear that a creditor runs the risk of serious liability if he proceeds with a self-help repossession when there is a serious objection by the debtor"); *Nixon v. Halpin*, 620 So. 2d 796, 798 (Fla. Dist. Ct. App. 1993) ("The owner of the vehicle had a right to object to DCI's attempted repossession of the collateral. If DCI had not already peaceably removed the vehicle when the owner objected, its continuation with the attempt at repossession was no longer peaceable and without a breach of the peace").

34. Despite being plainly aware that they could no longer repossess the Vehicle after Plaintiff DeRohn had verbally and physically objected to it, Defendants' repossession agent did not care, and willfully and intentionally violated the law by persisting with the repossession.

35. As a result of the Defendants' illegal repossession, Plaintiffs were deprived of

the use of the Vehicle and some personal property, which were not recovered.

36. Plaintiff DeRohn suffered fear, anger, frustration, emotional distress, lost sleep, and lost time as a result of the Defendants' actions and was subjected to abusive collection tactics from which he had a substantive right to be free.

37. Plaintiff Padron suffered anger, frustration, emotional distress, lost sleep, and lost time as a result of the Defendants' actions and was subjected to abusive collection tactics from which he had a substantive right to be free.

38. Plaintiffs' distress manifested in physical symptoms, including difficulty sleeping, anxiety, and emotional upset, directly attributable to Defendants' conduct.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*
### (Against ARS and Premier Recovery)

39. Plaintiffs reallege and incorporate by reference paragraphs 1-38 herein.

40. Plaintiffs brings this Count against Defendant ARS and Premier Recovery.

41. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

42. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

> (A)   there is no present right to possession of the property claimed as collateral through an enforceable security

interest; or

(C)    the property is exempt by law from such dispossession or disablement.

43. Under Florida Statute § 679.601 and 679.609, a secured party may take possession of collateral, without judicial process, **only** if it can be accomplished without a breach of the peace.

44. On June 9, 2025, Defendants breached the peace by continuing with the repossession in the face of Plaintiff's repeated and unambiguous verbal and physical objections, and by recklessly hooking and lifting the Vehicle while it was occupied.

45. As a result, Defendants did not have the present right to possession of the Plaintiffs' vehicle once they breached the peace, and therefore prohibited from repossessing it at that time.

46. Defendants ARS and Premier Recovery accordingly violated 15 USC § 1692f(6) when they repossessed the Plaintiffs' vehicle on June 9, 2025.

47. By illegally repossessing the Vehicle in violation of the FDCPA, Defendants harmed Plaintiff Padron, by subjecting Plaintiff Padron to improper and deceptive collection activity, in violation of Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and by subjecting Plaintiff Padron to unfair, or unconscionable means to collect a debt, by depriving Plaintiff Padron of use of the Vehicle and by depriving Plaintiff Padron of the loss of the right to pre repossession judicial process.

8

48. Defendants' illegal activity harmed Plaintiff DeRohn by causing him to suffer anger, fear, anxiety, emotional distress, lost sleep, frustration and embarrassment. Such damages were reasonably foreseeable and flowed directly from Defendants' unlawful repossession tactics.

49. Defendants' illegal activity harmed Plaintiff Padron by causing her to suffer anger, anxiety, emotional distress, lost sleep, frustration and embarrassment. Such damages were reasonably foreseeable and flowed directly from Defendants' unlawful repossession tactics.

50. By reason thereof, Defendants ARS and Premier Recovery are liable to Plaintiffs for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

**COUNT II**
**UNLAWFUL REPOSSESSION**
**Florida Statute § 679.601, 679.609 and 679.625** *et seq.*
**(Against All Defendants)**

51. Plaintiffs reallege and incorporate by reference paragraphs 1-38 herein.

52. Plaintiffs bring this Count against all Defendants.

53. Florida law does not permit nonjudicial or "self help" repossession of consumer motor vehicles unless the repossession can be accomplished without a breach of the peace. Florida Statute § 679.601, 679.609.

54. On June 9, 2025, Defendants breached the peace by continuing with the repossession in the face of Plaintiff's repeated and unambiguous verbal and physical objections, and by recklessly hooking and lifting the Vehicle while it

was occupied.

55. As a result, Defendants violated Florida Statute § 679.601 and 679.609 when they repossessed the Vehicle on June 9, 2025.

56. By illegally repossessing Plaintiff's vehicle on June 9, 2025, in violation of Florida Statute § 679.601 and 679.609, Defendants harmed Plaintiff Padron, in subjecting Plaintiff Padron to improper and deceptive collection activity, in violation of Plaintiff Padron's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving Plaintiff Padron of the use of the Vehicle, and by subjecting Plaintiff Padron to unfair and unconscionable means to collect a debt.

57. Defendants' illegal activity harmed Plaintiff Padron by causing her to suffer anger, anxiety, emotional distress, lost sleep, frustration and embarrassment. Such damages were reasonably foreseeable and flowed directly from Defendants' unlawful repossession tactics.

58. Defendants' illegal activity harmed Plaintiff DeRohn by causing him to suffer anger, fear, anxiety, emotional distress, lost sleep, frustration and embarrassment. Such damages were reasonably foreseeable and flowed directly from Defendants' unlawful repossession tactics.

59. By reason thereof, Defendants are also liable to Plaintiffs for judgment that Defendants' conduct violated Florida Statute § 679.601 and 679.609, including statutory damages, punitive damages, actual damages, costs and attorneys' fees.

## COUNT III
## CONVERSION
### (Against All Defendants)

60. Plaintiffs reallege and incorporate by reference paragraphs 1-38 herein.

61. As set forth above, each of the Defendants wrongfully repossessed the Vehicle at a time when Plaintiffs – and not Defendants – were entitled to possession of that vehicle.

62. Defendants then held Plaintiffs' vehicle for a period of time, and continue to hold that vehicle, thereby exercising wrongful dominion and control over the Plaintiff's property.

63. Defendants' conversion of the Vehicle harmed Plaintiffs, by depriving them of the use of the Vehicle for an extended period of time.

64. Defendants further harmed Plaintiff Padron by subjecting her to improper and deceptive collection activity and unfair and unconscionable means of collection.

65. Defendants' illegal activity harmed Plaintiff Padron by causing her to suffer anger, anxiety, emotional distress, lost sleep, frustration and embarrassment.

66. Defendants' illegal activity harmed Plaintiff DeRohn by causing him to suffer anger, fear, anxiety, emotional distress, lost sleep, frustration and embarrassment.

67. Plaintiff DeRohn demanded the return of the Vehicle at the time of the repossession, but the Defendants' repossession agent refused.

68. By reason thereof, Defendants are liable to Plaintiffs for judgment that Defendants wrongfully converted the Vehicle, actual damages, punitive

damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

69. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

    (a)    awarding Plaintiffs actual damages incurred;

    (b)    awarding Plaintiffs statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

    (c)    awarding Plaintiffs punitive damages;

    (d)    Awarding pre-judgment interest and post-judgment interest; and

    (e)    Awarding Plaintiffs such other and further relief as this Court may deem just and proper.

Dated: April 2, 2026

By: /s/ Joseph Kanee, Esq.
Joseph Kanee, Esq.
MARCUS & ZELMAN, LLC
1508 SW 23 Street
Fort Lauderdale, FL 33135
(848) 346-4358
joseph @marcuszelman.com
Attorneys for Plaintiffs
Annie Padron and Christopher DeRohn